IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARTA WILLIAMS,** | : | |
| **290 McCoy Lane** | : | |
| **Leesport, PA   19533** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | **No. 02 CV 5240** |
| | : | |
| **v.** | : | |
| **ABRAHAM INDUSTRIES, INC., t/d/b/a** | : | **JURY TRIAL DEMANDED** |
| **VALLEY FORGE FLAG, INC.** | : | |
| **1700 Conrad Weiser Parkway** | : | |
| **Womelsdorf, PA   19567** | : | |
| **And** | : | |
| **MICHAEL LIBERMAN** | : | |
| **1700 Conrad Weiser Parkway** | : | |
| **Womelsdorf, PA   19567** | : | |
| **And** | : | |
| **SCOTT LIBERMAN** | : | |
| **1700 Conrad Weiser Parkway** | : | |
| **Womelsdorf, PA   19567** | : | |
| **And** | : | |
| **GREGORY HARRIS** | : | |
| **1700 Conrad Weiser Parkway** | : | |
| **Womelsdorf, PA   19567** | : | |
| | | |
| **Defendants.** | | |

**ANSWER ON BEHALF OF MICHAEL LIBERMAN**

1.      Admitted.


2.      Admitted.


3.      Denied.


4.      Admitted that Defendant Michael Liberman was an employee and corporate officer of

Valley Forge Flag Company, Inc. ("VFF") at times material to the Complaint.  Except as

is specifically admitted in the foregoing, the allegations contained in Paragraph 4 are

denied.

5.      Admitted that Scott Liberman was an employee and corporate officer of VFF and Ms.

Williams' direct supervisor at times material to the Complaint, and that he is a citizen of

the Commonwealth of Pennsylvania with a business address at 1700 Conrad Weiser

Parkway, Womelsdorf, Pennsylvania.  Except is as specifically admitted in the foregoing,

the allegations contained in Paragraph 5 are denied.

6.      Admitted that Gregory Harris was an employee and corporate officer of VFF at times

material to the Complaint, and that he is a citizen of the Commonwealth of Pennsylvania

with a business address at 1700 Conrad Weiser Parkway, Womelsdorf, Pennsylvania.

Except is as specifically admitted in the foregoing, the allegations contained in Paragraph

6 are denied.

7.      Admitted.

8.      The allegations in paragraph 8 constitute conclusions of law to which no response is

required.

9.      The allegations in paragraph 9 constitute conclusions of law to which no response is

required.  In any event, the Court lacks subject matter jurisdiction over Michael

Liberman, or any of the individual defendants, under Title VII.

10.     Admitted that if the District Court has jurisdiction, venue is proper.

11.     Admitted that Ms. Williams filed a Complaint with the Equal Employment Opportunity

Commission ("EEOC") and the Pennsylvania Human Relations Commission.  Except as

is admitted in the foregoing, Defendant is without knowledge or information sufficient to

form a belief as to the date when such charges were filed.

2

12.    Admitted that Ms. Williams filed an Amended Complaint with the EEOC and the

Pennsylvania Human Relations Commission alleging retaliation.  Except as is

specifically admitted in the foregoing, Defendant is without knowledge or information

sufficient to form a belief as to the date when such charges were filed.

13.    Admitted.

14.    Denied.

15.    Admitted.

16.    Admitted that Ms. Williams was employed by VFF as the Customer Service Manager.

Except as is specifically admitted in the foregoing, the allegations as stated in Paragraph

16 are denied.

17.    Admitted.

18.    Defendant incorporates herein his response to Paragraph 4.

19.    Defendant incorporates herein his response to Paragraph 4.

20.    Defendant incorporates herein his response to Paragraph 5.

21.    Defendant incorporates herein his response to Paragraph 5.

22.    Defendant incorporates herein his response to Paragraph 6.

23.    Defendant incorporates herein his response to Paragraph 6.

24.     Denied that Ms. Williams was subjected to disparate discriminatory or harassing

treatment or that she was subjected to a hostile work environment either generally or in

the particular respects alleged as follows:

a.      Denied.

b.      Denied.

c.      Denied.

d.      Denied.

e.      Defendant is without knowledge or information sufficient to form a belief as to

what rumors "Ms. Williams heard."   Except as specifically admitted in the

foregoing, the allegations contained in paragraph 24(e) are denied.

f.      Denied.

g.      Denied.

h.      Denied.

i.      Admitted that at the July 31, 1999 company picnic, Michael Liberman chased Ms.

DeLillo, whom he did not know was pregnant, with a water balloon, a number of

which she had brought to the picnic for use in games she organized.  Except as is

specifically admitted in the foregoing, the allegations contained in Paragraph 24(i)

are denied.

j.      Admitted that Michael Liberman videotaped portions of the company picnic.

        Defendant is without knowledge or information sufficient to form a belief as to

        the other allegations contained in Paragraph 24(j).

k.      Denied.

l.      Denied.

m.      Admitted that on occasion, Michael Liberman discussed invoices or other

        business matters with Ms. Williams in his office.  Except as is specifically

        admitted in the foregoing, the allegations contained in paragraph 24(m) are

        denied.

n.      Denied.

o.      Admitted that from March through August, 2000, certain e-mails from what

        appeared to be sexually explicit websites arrived unsolicited in the general e-mail

        box.  Except as specifically admitted in the foregoing, the allegations contained in

        paragraph 24(o) are denied.

p.      The allegations contained in paragraph 24(p) are directed to parties other than the

        answering defendant and therefore no response is necessary.

q.      Admitted that on that date, Michael Liberman accessed on the personal computer

        in his office a photograph which unbeknownst to him printed on a common

printer. Except as is specifically admitted in the foregoing, the allegations

contained in Paragraph 24(q) are denied.

r.      Admitted that on that date, Michael Liberman accessed on the personal computer

in his office a pornographic story which unbeknownst to him printed on a

common printer. Except as is specifically admitted in the foregoing, the

allegations contained in Paragraph 24(r) are denied.

s.      The allegations contained in paragraph 24(s) are directed to parties other than the

answering defendant and therefore no response is necessary.

t.      Denied.

u.      The allegations contained in paragraph 24(u) are directed to parties other than the

answering defendant and therefore no response is necessary.

v.      Denied.

w.      Admitted that counsel sent a copy of a proposed EEOC Charge to counsel for

VFF some time in February, 2001 and on April 6, 2001 VFF terminated Ms.

Williams' employment as well as the employment of numerous other employees

in connection with a corporate restructuring. Except as is specifically admitted in

the foregoing, the allegations contained in Paragraph 24(w) are denied.

25.    Denied.

26.    Denied.

27.   Denied.

28.   Denied

29.   Defendant incorporates herein by reference his responses to Paragraphs 1 through 28 herein above.

30.   Denied.

31.   Denied.

32.   Denied.

33.   Denied.

34.   Denied.

35.   Defendant incorporates by reference herein his responses to Paragraphs 1 through 34 herein above.

36.   Denied.

37.   Denied.

38.   Denied.

39.   Denied.

40.   Denied.

41.   Denied.

42.    Denied.

43.    Defendant incorporates by reference his responses to Paragraphs 1 through 42 herein

above.

44.    Denied.

45.    Denied.

46.    Denied.

47.    Denied.

48.    Denied.

49.    Denied.

WHEREFORE, Defendant Michael Liberman requests that the Court enter judgment in

his favor and against Plaintiff on all claims and assess the reasonable costs of the action.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

Plaintiff's claims under both Title VII and the Pennsylvania Human Relations Act are

barred by the applicable periods of limitation.

### Third Affirmative Defense

Plaintiff waived any claims of hostile sexual environment through her own conduct.

Fourth Affirmative Defense

Ms. Williams is estopped from making claims of sexual harassment because VFF was prevented from conducting an investigation of her claims unless it agreed to conditions precedent to an interview of the Director of Human Resources insisted upon by the attorney representing both of them, which would have resulted in VFF waiving its attorney-client privilege.


Respectfully submitted,

HOYLE, MORRIS & KERR LLP


_____

Jan Fink Call
Attorney ID No. 58238
Tammi Markowitz
Attorney ID No. 84822
Hoyle, Morris & Kerr LLP
One Liberty Place
1650 Market Street, Suite 4900
Philadelphia, PA  19103
(215) 981-5700

Attorneys for Defendant
Michael Liberman


Dated:  September    , 2002

## <u>CERTIFICATE OF SERVICE</u>

I, Tammi Markowitz, hereby certify that a true and correct copy of the Answer on

Behalf of Michael Liberman, was served via hand delivery and United States first-class mail,

postage prepaid, this ___th day of September, 2002, upon the following counsel:

Debra A. Jensen, Esquire
Wayne A. Hamilton, Esquire
Galfand Berger, LLP
1818 Market Street
Suite 2300
Philadelphia, PA 19103-3623

Richard S. Meyer, Esquire
Blank Rome Comisky & McCauley LLP
One Logan Square
Philadelphia, PA 19103-6998


_____
Tammi Markowitz