IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARTA WILLIAMS, | : | |
| 290 McCoy Lane | : | |
| Leesport, PA   19533 | : | CIVIL ACTION |
| Plaintiff, | : | No. 02 CV 5240 |
| | : | |
| v. | : | |
| ABRAHAM INDUSTRIES, INC., t/d/b/a | : | JURY TRIAL DEMANDED |
| VALLEY FORGE FLAG, INC. | : | |
| 1700 Conrad Weiser Parkway | : | |
| Womelsdorf, PA   19567 | : | |
| And | : | |
| MICHAEL LIBERMAN | : | |
| 1700 Conrad Weiser Parkway | : | |
| Womelsdorf, PA   19567 | : | |
| And | : | |
| SCOTT LIBERMAN | : | |
| 1700 Conrad Weiser Parkway | : | |
| Womelsdorf, PA   19567 | : | |
| And | : | |
| GREGORY HARRIS | : | |
| 1700 Conrad Weiser Parkway | : | |
| Womelsdorf, PA   19567 | : | |

**Defendants.**

## ANSWER ON BEHALF OF VALLEY FORGE FLAG COMPANY, INC., SCOTT LIBERMAN AND GREGORY HARRIS

1. Admitted.

2. Admitted.

3. Denied.

4. Admitted that Defendant Michael Liberman was an employee and corporate officer of Valley Forge Flag Company, Inc. ("VFF") at times material to the Complaint. Except as

2

is specifically admitted in the foregoing, the allegations contained in Paragraph 4 are denied.

5. Admitted that Scott Liberman was an employee and corporate officer of VFF and Ms. Williams' direct supervisor at times material to the Complaint, and that he is a citizen of the Commonwealth of Pennsylvania with a business address at 1700 Conrad Weiser Parkway, Womelsdorf, Pennsylvania. Except is as specifically admitted in the foregoing, the allegations contained in Paragraph 5 are denied.

6. Admitted that Gregory Harris was an employee and corporate officer of VFF at times material to the Complaint, and that he is a citizen of the Commonwealth of Pennsylvania with a business address at 1700 Conrad Weiser Parkway, Womelsdorf, Pennsylvania. Except is as specifically admitted in the foregoing, the allegations contained in Paragraph 6 are denied.

7. Admitted.

8. The allegations constitute conclusions of law to which no response is required.

9. The allegations constitute conclusions of law to which no response is required. In any event, the Court lacks subject matter jurisdiction over the individual Defendants under Title VII.

10. Admitted that if the District Court has jurisdiction, venue is proper.

11. Admitted that Ms. Williams filed a Complaint with the Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Relations Commission. Except as

is admitted in the foregoing, Defendants are without knowledge or information sufficient to form a belief as to the date when such charges were filed.

12. Admitted that Ms. Williams filed an Amended Complaint with the EEOC and the Pennsylvania Human Relations Commission alleging retaliation. Except as is specifically admitted in the foregoing, Defendants are without knowledge or information sufficient to form a belief as to the date when such charges were filed.

13. Admitted.

14. Denied.

15. Admitted.

16. Admitted. Plaintiff Williams was employed as Customer Service Manager.

17. Admitted.

18. Defendants incorporate herein their response to Paragraph 4.

19. Defendants incorporate herein their response to Paragraph 4.

20. Defendants incorporate herein their response to Paragraph 5.

21. Defendants incorporate herein their response to Paragraph 5.

22. Defendants incorporate herein their response to Paragraph 6.

23. Defendants incorporate herein their response to Paragraph 6.

094280.00216/21061776v1

24. Denied that Ms. Williams was subjected to disparate discriminatory or harassing treatment or that she was subjected to a hostile work environment either generally or in the particular respects alleged as follows:

   a. Denied.

   b. Denied.

   c. Denied.

   d. Denied.

   e. Defendants are without knowledge or information sufficient to form a belief as to what rumors "Ms. Williams heard." Except as specifically admitted in the foregoing, the allegations contained in paragraph 24(e) are denied.

   f. Denied.

   g. Denied.

   h. Denied.

   i. Admitted that at the July 31, 1999 company picnic, Michael Liberman chased Ms. DeLillo, whom he did not know was pregnant, with a water balloon, a number of which she had brought to the picnic for use in games she organized. Except as is specifically admitted in the foregoing, the allegations contained in Paragraph 24(i) are denied.

4

j.  Admitted that Michael Liberman videotaped portions of the company picnic. Defendants are without knowledge or information sufficient to form a belief as to the other allegations contained in Paragraph 24(j).

k.  Denied.

l.  Denied.

m.  Admitted that on occasion, Michael Liberman discussed invoices or other business matters with Ms. Williams in his office. Except as is specifically admitted in the foregoing, the allegations contained in paragraph 24(m) are denied.

n.  Denied.

o.  Admitted that from March through August, 2000, certain e-mails from what appeared to be sexually explicit websites arrived unsolicited in the general e-mail box. Except as specifically admitted in the foregoing, the allegations contained in paragraph 24(o) are denied.

p.  Admitted that Gregory Harris and Scott Liberman eventually were made aware of the e-mails. Except as is specifically admitted in the foregoing, the allegations contained in paragraph 24(p) are denied.

q.  Admitted that on that date, Michael Liberman accessed on the personal computer in his office a photograph which unbeknownst to him printed on a common

          printer.  Except as is specifically admitted in the foregoing, the allegations contained in Paragraph 24(q) are denied.

    r.    Admitted that on that date, Michael Liberman accessed on the personal computer in his office a pornographic story which unbeknownst to him printed on a common printer.  Except as is specifically admitted in the foregoing, the allegations contained in Paragraph 24(r) are denied.

    s.    Admitted that shortly thereafter, steps were taken immediately to remove Michael Liberman from the premises pending further investigation.  Except as is specifically admitted in the foregoing, the allegations contained in paragraph 24(s) are denied.

    t.    Denied.

    u.    Denied.

    v.    Denied.

    w.    Admitted that counsel sent a copy of a proposed EEOC Charge to counsel for VFF some time in February, 2001 and on April 6, 2001 VFF terminated Ms. Williams' employment as well as the employment of numerous other employees in connection with a corporate restructuring.  Except as is specifically admitted in the foregoing, the allegations contained in Paragraph 24(w) are denied.

25.    Denied.

26. Denied.

27. Denied.

28. Denied

29. Defendants incorporate herein by reference their responses to Paragraphs 1 through 28 hereinabove.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Defendants incorporate by reference herein their responses to Paragraphs 1 through 34 hereinabove.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

094280.00216/21061776v1

41. Denied.

42. Denied.

43. Defendants incorporate by reference their responses to the allegations contained in Paragraphs 1 through 42 hereinabove.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

WHEREFORE, Defendants request that the Court enter judgment for Defendants and against Plaintiff on all claims and assess the reasonable costs of the action.

### AFFIRMATIVE DEFENSES

First AffirmativeDefense

Plaintiff fails to state a claim upon which relief may be granted.

Second Affirmative Defense

Plaintiff's claims under both Title VII and the Pennsylvania Human Relations Act are barred by the applicable periods of limitation.

<u>Third Affirmative Defense</u>

Plaintiff waived any claims of hostile sexual environment through her own conduct.

<u>Fourth Affirmative Defense</u>

Ms. Williams is estopped from making claims of sexual harassment because VFF was prevented from conducting an investigation of her claims unless it agreed to conditions precedent to an interview of the Human Resources Manager insisted upon by the attorney representing both of them, which would have resulted in VFF waiving its attorney-client privilege.

    Respectfully submitted,

    BLANK ROME COMISKY & McCAULEY LLP

    <u>/s/ Richard S. Meyer</u>
    Richard S. Meyer
    Attorney ID No. 09233
    (215) 569-5665
    Facsimile: (215) 832-5665
    Margaret A. McCausland
    Attorney ID No. 50281
    (215) 569-5548
    Facsimile: (215) 832-5548
    Jennifer Platzkere
    Attorney ID No.76775
    (215) 569-5642
    Facsimile (215) 832-5642

    Attorneys for Defendants.

Dated:  September 25, 2002

094280.00216/21061776v1