IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARTA WILLIAMS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | |
| ABRAHAM INDUSTRIES, INC., t/db/a | : | No. 02-CV-5240 |
| VALLEY FORGE FLAG, INC., *et al.* | : | |
| | : | |
| Defendants. | : | |
| | : | |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS GREGORY HARRIS' AND SCOTT LIBERMAN'S
MOTION TO DISMISS COUNT I OF THE COMPLAINT**

Defendants Gregory Harris and Scott Liberman, by and through their undersigned counsel, hereby submit this Memorandum of Law in support of their Motion to Dismiss Count I of the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), because the Complaint fails to state a claim upon which relief can be granted.

**I.      INTRODUCTION AND PROCEDURAL HISTORY**

On or about July 22, 2002, Plaintiff filed a three-count Complaint against her former employer, Defendant Valley Forge Flag Company, Inc. ("VFF"), and three of its employees – Defendants Gregory Harris, Scott Liberman and Michael Liberman – alleging claims related to purported sexual harassment and sex discrimination.  Count I asserts claims against all Defendants based upon Title VII of the Civil Rights Act of 1964 ("Title VII"), *as amended*, 42 U.S.C. § 2000e *et seq.*; Count II asserts claims against all Defendants based on the Pennsylvania Human Relations Act, and Count III alleges claims against all Defendants based on the

1

Pennsylvania common law tort of intentional infliction of emotional distress.  While Defendants VFF, Gregory Harris and Scott Liberman are concurrently filing an Answer to the Complaint, Gregory Harris and Scott Liberman are filing the instant Motion to Dismiss because, as a matter of law, Title VII does not impose liability on individuals.  Accordingly, Defendants Gregory Harris and Scott Liberman respectfully request this Court to dismiss Count I of the Complaint as to each of them with prejudice.

**II.     LEGAL ARGUMENT**

    **A.     Because Title VII Does Not Apply To Individuals, This Court Should Dismiss Count I As To Gregory Harris And Scott Liberman.**

In 1996, the Third Circuit ruled *en banc* that individual employees cannot be held liable for damages under Title VII.  Sheridan v. E.I. DuPont de Nemours and Co., 100 F.3d 1061, 1077-78 (3d Cir. 1996)(*en banc*), cert. denied, 521 U.S. 1129 (1997).  In so holding, the Third Circuit relied on two key factors.  First, when Congress amended Title VII in 1991 to provide a detailed "sliding scale" of damage caps based on the size of the employer, "it made no reference as to the amount of damages, if any, that would be payable by individuals.  ***This strongly suggests that Congress did not contemplate that such damages would be assessed against individuals who are not themselves the employing entity.***"  Id. at 1077 (emphasis added).  Second, because of Congress's concern about the impact of Title VII litigation on small businesses, it specifically excluded businesses with less than fifteen (15) employees from the statute's definition of "employer."  Thus, the Third Circuit stated, "It is reasonable to infer that ***Congress's concern in that regard applies as well to individuals.***"  Id. at 1077-78 (emphasis added).

Ever since the Third Circuit's ruling in Sheridan, which it reaffirmed earlier this year in Emerson v. Thiel College, 296 F.3d 184, 190 (3d Cir. 2002), courts in this Circuit have readily and repeatedly dismissed with prejudice Title VII claims pled against individual employees. See, *e.g.*, Hitchens v. County of Montgomery, 2002 WL 207180 (E.D. Pa. Feb. 11, 2002); Marion v. City of Philadelphia Water Dep't, 161 F.Supp.2d 381, 384 (E.D. Pa. 2001); Jones v. School Dist. of Philadelphia, 19 F. Supp.2d 414, 417 n.1, (E.D. Pa. 1998), aff'd, 198 F.3d 403 (3d Cir. 1999); Lewis v. State of Del. Dep't of Pub. Instruction, 948 F. Supp. 352, 365 (D. Del. 1996) (individual defendants cannot, "**under any set of facts**, be held individually liable for Title VII violations") (emphasis added). Dismissal is especially appropriate here given the scant allegations against Scott Liberman and Gregory Harris in Plaintiff's detailed Complaint. Indeed, she never alleges that either of them sexually harassed her in any way.

Since this has long been a settled issue in the Third Circuit, Plaintiff cannot maintain a claim of liability under Title VII against either Gregory Harris or Scott Liberman. Therefore, this Court should dismiss Count I as to each of them with prejudice.

3

### III. CONCLUSION

For the foregoing reasons, Defendants Gregory Harris and Scott Liberman respectfully request that this Court grant their Motion to Dismiss Count I of Complaint with prejudice for failure to state a claim upon which relief can be granted.

Respectfully submitted,

BLANK ROME COMISKY & McCAULEY LLP


    /s/   Richard S. Meyer
RICHARD S. MEYER, ESQUIRE
MARGARET A. McCAUSLAND, ESQUIRE
JENNIFER J. PLATZKERE, ESQUIRE
One Logan Square
Philadelphia, PA 19103
(215) 569-5665

Attorneys for Defendants
Gregory Harris and Scott Liberman

Dated: September 25, 2002